DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, William Millie, appeals from a judgment of the Medina County Court of Common Pleas that determined that he had violated the conditions of his community control and imposed a sentence of incarceration. We affirm.
 {¶ 2} On April 18, 2003, Millie was convicted of theft and attempted robbery. On June 11, 2003, he was sentenced to community control for a period of five years, with specific sanctions and conditions including 24 hours of community service. Millie's sentencing order further provided that violation of the community control sanction could lead to a more restrictive sanction, a longer sanction, or a prison term of up to two and one-half years.
 {¶ 3} On July 30, 2003, Millie's probation officer notified the court that Millie had violated the terms of his community control by failing to pay his community service fee and he failed to attend two of his scheduled probation meetings. Millie admitted his violations and the trial court added a home arrest sanction to his community control and required that he report weekly on intensive supervision.
 {¶ 4} On September 11, 2003, Millie's probation officer informed the court that Millie had again violated the terms of his community control because he failed to attend a community service appointment at the Village of Seville Parks Department on September 8 and was terminated from the program. Following a hearing on the alleged violation, the trial court found that Millie had violated the conditions of his community control and sentenced him to 12 months of incarceration on the attempted robbery conviction and seven months on the theft conviction, with the sentences to run concurrently. Millie appeals and raises one assignment of error.
 Assignment of Error "The trial court committed an abuse of discretion in findingdefendant a violator after hearing and revoking his communitycontrol sentence because the violation was not proved by apreponderance of the evidence."
 {¶ 5} Millie contends that the state did not prove that he violated the conditions of his community control. He does not dispute that the evidence established that he failed to attend the September 8 appointment but disputes the state's evidence that he knew about the appointment. Although Millie purports to challenge the trial court's exercise of its discretion in this matter, he actually raises a challenge to the trial court's factual finding that he knew that he was to report to the parks department for community service on September 8, 2003. Millie contends that the trial court's finding is erroneous because there was inconsistent testimony concerning who had scheduled the community service appointment and who had told Millie to report for the appointment that day.
 {¶ 6} When reviewing the weight of the evidence, this Court applies the same test in civil cases as it does in criminal cases. Tewarson v. Simon (2001), 141 Ohio App.3d 103, 115. "`The [reviewing] court * * * weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [finder of fact] clearly lost its way and created such a manifest miscarriage of justice that the [judgment] must be reversed and a new trial ordered.'" Id., citing State v. Thompkins (1997),78 Ohio St.3d 380, 387, quoting State v. Martin (1983),20 Ohio App.3d 172, 175.
 {¶ 7} Although the witnesses from the adult probation department and the parks department seemed somewhat confused about who had scheduled the September 8 community service appointment, there was no dispute that an appointment had been scheduled and that Millie had been informed about it.
 {¶ 8} Moreover, Millie admitted knowledge of the September 8 appointment when he later spoke to his probation officer. The probation officer testified that, three days after the missed appointment, he spoke to Millie about his failure to attend. At that time, Millie did not claim to have been unaware of the appointment but offered an excuse for his failure to attend. Millie told his probation officer that he had been on home arrest and his home arrest officer had told him not to attend the appointment.
 {¶ 9} When the home arrest officer testified, however, he insisted that he had told Millie no such thing. He and Millie twice had discussed Millie's need to leave his home to complete his community service. Although the officer initially told Millie not to schedule an appointment until after he had completed his 30-day period of home arrest, after he learned that Millie needed to complete the community service sooner, the officer told Millie that he could leave to complete community service as long as he informed the officer about the appointments ahead of time. Millie never informed his home arrest officer about the September 8 appointment.
 {¶ 10} There was also evidence that if Millie suddenly realized that he had a problem attending the September 8 appointment, he could have remained in compliance with the conditions of his community control by calling the probation department, his probation officer, or the parks department to explain the situation. Millie did not call the probation department, his probation officer, or the parks department to explain that he was on home arrest and could not attend the appointment.
 {¶ 11} The trial court did not lose its way in finding that Millie knew about the September 8 community service appointment but failed to attend. The assignment of error is overruled.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Whitmore, J., Batchelder, J., Concur.